DAVID G. MANGUM  (4085)
C. KEVIN SPEIRS (5350)
KRISTINE EDDE JOHNSON (7190)
MICHAEL R. MCCARTHY (8850)
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main Street, Suite 1800
Salt Lake City, UT  841111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
ecf@parsonsbehle.com

BENJAMIN G. JACKSON (California Bar No 255358, *pro hac vice* motion to be filed)
MATHEW GORDON (12526)
MYRIAD GENETICS, INC.
320 Wakara Way
Salt Lake City, UT 84108
bjackson@myriad.com
mgordon@myriad.com
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| UNIVERSITY OF UTAH RESEARCH FOUNDATION, a Utah nonprofit corporation; the TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, a Pennsylvania nonprofit corporation; HSC RESEARCH AND DEVELOPMENT LIMITED PARTNERSHIP, a Canadian limited partnership organized under the laws of the Province of Ontario; ENDORECHERCHE, INC., a Canadian corporation organized under the laws of the Province of Quebec; and MYRIAD GENETICS, INC., a Delaware corporation;<br><br>    Plaintiffs,<br><br>vs.<br><br>AMBRY GENETICS CORPORATION,<br><br>    Defendant. | **PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING DEFENDANT AMBRY GENETIC CORPORATION'S MOTION TO EXTEND THE TIME PERIOD TO RESPOND TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Case No.  2:13-cv-00640-RJS<br><br>Judge  Robert J. Shelby |

Plaintiffs' move the Court to reconsider its Order [Dkt. #19] granting defendant Ambry Genetic Corporation's ("Ambry's") Motion to Extend the Time Period to Respond to Plaintiffs' Motion for Preliminary Injunction [Dkt. #16]. Ambry's motion indicated that Plaintiffs were opposed to the motion. However, the Court issued an Order granting Ambry's motion in one day and just before Plaintiffs were about to file their opposition memorandum. Accordingly, Plaintiffs seek reconsideration of the order granting Ambry's motion in light of Plaintiffs' opposition to that motion as set forth below.

Having announced its entry into the BRCA gene testing market mere moments after the Supreme Court's June 13th decision (that merely reduced Plaintiffs' patent estate of over 500 patent claims by five claims), and having publicly professed a fulsome review of the validity and infringement issues, including both the fact and substance of communications with "solid legal counsel," defendant Ambry Genetics now feigns surprise about having been sued for its blatant patent infringement, and asserts needing 35 days, rather than the prescribed 14 to perform the very analysis it claims to have already performed and prudence would have dictated before announcing its market entry. Because Plaintiffs are irreparably injured by Ambry's infringement, they properly conditioned any extension beyond a week or so on Defendant ceasing its infringing conduct during the term of any extension. Defendant declined and filed this motion instead.

Ambry's motion for an extension of time should be denied. As Ambry admits, this Court's rules expressly allow a party 14 days to respond to a preliminary injunction motion. Rather than seek a reasonable extension of time, Ambry instead seeks to have a total of 35 days (14 days plus a 21-day extension) to respond. Such an additional amount of time is unreasonable under the circumstances.

Ambry's motion does not adequately set forth the underlying circumstances and, in particular, omits the important background details and the events leading up to Ambry's motion. Since 1994, plaintiff Myriad Genetics, Inc. has invested over $500 million to implement the Plaintiffs' discovery of the genetic sequences of the BRCA1 and BRCA2 genes, to create molecular diagnostic tests for hereditary breast and ovarian cancer based on those genes, and to prove to private and public health insurers that the testing is in the public health interest because it not only saves lives, but saves the healthcare system money by preventing diseases. As a result of the patents at issue in this case, and large expenditures and efforts, Myriad has created and grown on its own the market for BRCA1 and BRCA2 testing products. Further, through many years of research, development, and testing, Myriad has created testing that has superior reliability and accuracy that has saved, and continues to save, countless lives.

Against that backdrop, on June 13, 2013, in the wake of a Supreme Court decision that day, Ambry publicly announced that it would, apparently for the first time, offer BRCA1 and BRCA2 genetic testing and began immediately taking orders. Ambry did not announce its plan in advance; in other words, Ambry did not state that it simply planned to begin to offer such testing at some time in the future. After learning of Ambry's infringing activities, Plaintiffs filed this lawsuit. Plaintiffs also sought a preliminary injunction because of various forms of irreparable harm that Plaintiffs will suffer unless Ambry's actions are enjoined and the status quo preserved while this lawsuit is pending.

Under the circumstances, Ambry knew, or should have known, the obvious implications of its infringing actions in advance. Indeed, in a recent news article, Ambry's CEO was quoted as stating that "I've been on a collision course with this for 14 years since I started with this company. And I feel like its high noon, let's do it. We're committed, we have the resources to

4819-9446-4788.1

do it, and we will."[1] Similarly, Ambry's chief medical officer was quoted in another news article as stating, "[w]e always knew it was a risk, but we had consulted solid legal counsel ... [who said] we were not in fact violating any of the remaining patents when we chose to go public with this."[2] Ambry thus knew that it would be sued and claimed that it was fully ready and able to defend itself immediately.

Nevertheless, when served with the lawsuit that it fully anticipated and the motion for a preliminary injunction, Ambry's immediate response, and the basis for its motion as represented to this Court, is that it needs much more time to deal with the ramifications of its own actions. Ambry's public statements are directly at odds with, and call into question the veracity of, Ambry's representations to this Court that it needs more time to respond to Plaintiffs' motion. The gap between the two is even more egregious given that Ambry seeks two and half times the normal amount of time that this Court allows for responding to a preliminary injunction motion, and is unwilling to modify its behavior and preserve the status quo in the interim despite the irreparable harm its actions inflict upon Plaintiffs. From Ambry's public statements, it is readily apparent that Ambry has already had the opportunity to prepare to respond to Plaintiffs' lawsuit and motion for preliminary injunction. In any event, if Ambry truly did not take the time it needed to prepare, then Ambry should not have rushed into the market. Under such circumstances, Ambry has no good faith basis for a 21-day extension of time to respond to Plaintiffs' motion for preliminary injunction.

Ambry likewise does not properly set forth the events leading up to the filing of its motion for an extension of time, which likewise demonstrate that Ambry's motion is unsupported. Ambry incorrectly states that, before filing its motion, Ambry requested from

---

[1] http://www.cbc.ca/news/health/story/2013/07/18/f-vp-crowe-breast-cancer-gene-patents.html.

[2] http://www.sltrib.com/sltrib/money/56576974-79/myriad-patents-gene-company.html.csp.

Plaintiffs a three-week extension of time until August 14, 2013. Ambry Motion at 4. Ambry actually requested a four-week extension until August 21, 2013, and thus sought triple the normal amount of time than this Court typically allows (42 days total as compared to 14 days).

Plaintiffs were willing to be as accommodating as they could, but responded that they could not grant such a lengthy extension, given the irreparable harm to Plaintiffs, unless Ambry was willing to cease its infringing BRCA1 and BRCA2 testing in the interim. Such an agreement would have returned the parties to the status quo before Ambry began its infringement in mid-June 2013, and allowed Ambry the full time period that it wanted to respond. Ambry's counsel indicated that it did not think that this proposal would be acceptable but would find out from Ambry if the proposal would be acceptable. Plaintiffs further stated at the time that, absent such an agreement from Ambry, they were willing to consider (subject to seeking final approval from all plaintiffs) an extension of around 7 to 10 days as long as the grant of that extension was not used against Plaintiffs (*i.e.*, to attempt to undermine Plaintiffs' showing of irreparable harm). Plaintiffs did not hear back from Ambry, and Ambry filed its motion a day later.

Accordingly, even though Ambry knew or should have known of the ramifications of its actions, and even though Ambry's infringing actions apparently began only about a month ago, Ambry sought from Plaintiffs, and now seeks from this Court, more time to respond to Plaintiffs' motion for a preliminary injunction. Ambry seeks more time yet inexplicably refuses to cease its infringing actions for the short period of time that would be necessary for the briefing and ruling on Plaintiffs' motion. Ambry's position is unreasonable and untenable and cannot support its motion for an extension of time. Ambry should not be allowed to delay responding to the preliminary injunction motion as a result of its own recalcitrance to cease what it should not have done in the first place.

4819-9446-4788.1

Indeed, Plaintiffs had good reasons for seeking Ambry's agreement to cease its infringing activities while Plaintiffs' motion for a preliminary injunction was pending. As set forth in Plaintiffs' motion, Ambry's actions have already led to contact by third party insurance providers seeking to discuss Myriad's prices that, if Plaintiffs' motion is not granted, will create irreparable price erosion, loss of market share, and disruption of pricing policy. *See* Motion for Preliminary Injunctive Relief and Memorandum in Support [Dkt. #5] at 31-36. These events have taken place against the backdrop in which the entire market was created and grown to its current level (1) by Myriad's huge capital investment in research, development, and testing over many years to create testing of superior reliability and accuracy, and (2) by Myriad's efforts to demonstrate to public and private health insurers that the testing is in the public health interest because it not only saves lives, but saves the healthcare system money by preventing diseases. *Id.* at 31-41. By its actions, Ambry simply seeks a free ride on Myriad's immense efforts and refuses to stop even for a short period of time. Other forms of irreparable harm to Plaintiffs are fully detailed in the preliminary injunction motion, including damage to Myriad's reputation, Plaintiffs' inability to have the full benefit of the remaining term of the patents, Myriad's inability to recoup its massive capital investments, among others.

In its motion, Ambry seeks to support the need for an extension of time by relying heavily, but erroneously, on statements made in Plaintiffs' Motion for Leave to File an Overlength Motion for Preliminary Injunction. Specifically, Ambry relies on the fact that Plaintiffs stated that their motion for preliminary injunction involves "an area of technology likely unfamiliar to the Court," "complex factual analysis" of infringement and irreparable injury, and "complex legal issues." Ambry Motion at 2-4. While those statements support Plaintiffs' motion to file an overlength brief, they do not support an extension of time for Ambry.

5

Ambry is already familiar with the technology and, according to its public statements, has prepared for this case for years, consulted with "solid legal counsel" before entering the market, and already obtained an opinion analyzing all of the legal issues. At most, the statements in Plaintiffs' motion to file an overlength brief could support a similar opportunity for Ambry to file an overlength memorandum in opposition to Plaintiffs' motion, but nothing more.

Finally, Ambry's argument that "[j]ustice and the public interest" support its motion is not well taken. As set forth in Plaintiffs' motion for a preliminary injunction, the public interest supports enjoining Ambry's infringing activity. Because of its huge investment in research, development, and testing over many years, Myriad has created a BRCA1 and BRCA2 test that is so comprehensive and of such high quality that over 97% of the patients tested will receive a result indicating whether they have a genetic variation that increases their risk of breast or ovarian cancer. *See* Motion for Preliminary Injunctive Relief and Memorandum in Support [Dkt. #5] at 34-37. In stark contrast, Ambry tests have a higher error rate and will provide patients with inconclusive or even flatly incorrect test results. *Id.* at 37-39, 41-44. The public interest in this case thus is not only served by enjoining Ambry's patent infringement, but by stopping Ambry's cheap and unreliable facsimile tests that will leave patients speculating about their true condition and may lead to unnecessary cancer treatments and surgery.

The Court should hold Ambry to its CEO's and Chief Medical Officer's public statements and deny the motion for an extension of time. Alternatively, any extension should be conditioned on Ambry ceasing its infringing activities and returning to the pre-June 13 status quo to prevent further irreparable harm to Plaintiffs and to prevent Ambry from receiving samples and promising tests that it will be unable to perform if an injunction is entered.

4819-9446-4788.1

Dated: July 19, 2013.

                                                Respectfully submitted,

/s/ David G. Mangum
David G. Mangum
C. Kevin Speirs
Kristine Edde Johnson
Michael R. McCarthy
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main St., Suite 1800
Salt Lake City, UT 84111-0898
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
ecf@parsonsbehle.com

Benjamin G. Jackson (Cal. Bar NO. 255358, *pro hac vice* motion to be filed)
Matthew Gordon (12526)
MYRIAD GENETICS, INC.
320 Wakara Way
Salt Lake City, UT 84108
Telephone: (801) 584-3600
Facsimile: (801) 584-3640
bjackson@myriad.com
mgordon@myriad.com

Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

On this 19th day of July 2013, I certify that I electronically filed the foregoing **PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING DEFENDANT AMBRY GENETIC CORPORATION'S MOTION TO EXTEND THE TIME PERIOD TO RESPOND TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** with the Clerk of Court using the CM/ECF system that will send an electronic notification to counsel of record for all of the parties.

/s/ David G. Mangum

4819-9446-4788.1