Edgar R. Cataxinos (7162)
Joseph A. Walkowski (5366)
H. Dickson Burton (4004)
TRASKBRITT, P.C.
P.O. Box 2550
230 South 500 East, Suite 300
Salt Lake City, Utah 84110
Tel: (801) 532-1922
Fax: (801) 531-9168

William G. Gaede, III (*pro hac vice*)
MCDERMOTT WILL & EMERY LLP
wgaede@mwe.com
275 Middlefield Road, Suite 100
Menlo Park, CA 94025
Tel: (650) 815-7400
Fax: (650) 815-7401

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNIVERSITY OF UTAH RESEARCH FOUNDATION, a Utah nonprofit corporation; the TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, a Pennsylvania nonprofit corporation; HSC RESEARCH AND DEVELOPMENT LIMITED PARTNERSHIP, a Canadian limited partnership organized under the laws of the Province of Ontario; ENDORECHERCHE, INC., a Canadian corporation organized under the laws of the Province of Quebec; and MYRIAD GENETICS, INC., a Delaware corporation;<br><br>        Plaintiffs,<br>vs.<br><br>AMBRY GENETICS CORPORATION,<br><br>        Defendant. | **DEFENDANT AMBRY GENETIC CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING DEFENDANT AMBRY GENETIC CORPORATION'S MOTION TO EXTEND THE TIME PERIOD TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>CASE NO. 2:13-CV-00640-RJS<br><br>Judge: Robert J. Shelby |

Defendant AMBRY GENETICS CORPORATION ("Defendant"), by and through its undersigned counsel, hereby respectfully requests that the Court deny Plaintiffs' Motion for Reconsideration (Dkt. #20) of the Court's Order Granting Defendant's Motion to Extend the Time Period to Respond to Plaintiffs' Motion for Preliminary Injunction (Dkt. #19).

The Court was right in extending Defendant's time to respond to Plaintiffs' Motion for Preliminary Injunction to August 14, 2013, and there is no reason to disturb its ruling. Defendant required the extension to meaningfully respond to what is a large, complex motion for injunctive relief whose outcome will affect the health choices of millions of women.

The facts remain that on July 9, 2013, Plaintiffs filed a 45-page, over-length Motion for Preliminary Injunction with almost 300 pages of declarations and exhibits. In petitioning the Court for permission to file its over-length motion, Plaintiffs correctly stated that (1) "[c]ounsel believes that detailed briefing from both sides is necessary to adequately address the four-pronged standard for issuance of preliminary injunctive relief in the particular circumstances of this case"; (2) that the technology at issue "is likely unfamiliar to the Court"; and (3) that the preliminary injunction proceedings will require factual analysis of alleged infringement for multiple claims of six patents plus multiple areas of alleged irreparable injury. (Dkt. 2 at 2-3 (emphasis added).) Plaintiffs' petition also states that complex legal issues are raised by Federal Circuit and Supreme Court decisions, which include *Association for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S. Ct. 2107 (June 13, 2013) ("*AMP v. Myriad*"). (*Id.* at 2.) Based on the length and complexity of the preliminary injunction motion alone, the Court was correct in finding good cause to grant Defendant an extension of time.

Further good cause exists in consideration of the effect a preliminary injunction would have in this case. At issue is life-saving genetic testing for mutations known as BRCA1 and

BRCA2, which when present indicate a higher risk for breast and/or ovarian cancer. The injunction Plaintiffs seek would prevent women from obtaining better and more affordable genetic testing for BRCA1 and 2 than that offered by Plaintiff Myriad. It is an understatement to say that this is an important issue. As the American Society for Clinical Pathology testified to the U.S. Patent & Trademark Office, "[m]illions of women are potentially affected by either of these mutations, and for many of them [Plaintiff's] test . . . is simply cost-prohibitive." (Gaede Decl., Ex. 1 at 4.) With such stakes, the Court was right to grant Defendant an extension of time.

Plaintiffs' assertion that Defendant should already be able fully to respond to Plaintiffs' Motion for Preliminary Injunction is difficult to understand. When the Supreme Court issued its June 13 ruling in *AMP v. Myriad*, there was much rejoicing because the ruling was understood and widely reported to clear the path for others besides Plaintiff Myriad to provide life-saving genomic genetic testing for BRCA1 and 2. (*See*, *e.g.*, Gaede Decl. Exs. 2 & 3.) Plaintiffs assert "widespread misunderstanding and misreporting" of the decision. (Dkt. 2 at 2.) But this only underscores that Plaintiffs' decision to seek a preliminary injunction was not expected in view of the Supreme Court's 9-0 declaring that isolated DNA (which comprises synthetic DNA) is not patentable if the DNA sequence reflects a sequence found in the human BRCA1 or BRCA2 genomic sequence.

In addition, Plaintiffs' Complaint and Motion for Preliminary Injunction, filed the same day, were not preceded by any advance communication to Defendant, even though Defendant publicly announced on June 13, 2013, the same day *AMP v. Myriad* was decided, that it was offering BRCA1 and 2 testing. Plaintiffs' argument that effectively Defendant should have been drafting a preliminary injunction opposition on June 13 does not withstand scrutiny. Nor could it

in view of the 300 pages of evidence including declarations that Plaintiffs submitted which they now argue Defendant should have effectively anticipated.

The extension that Defendant sought and received is modest in light of all of the circumstances and is comparable to the nearly four weeks that Plaintiffs waited to file their Motion for Preliminary Injunction after Defendant announced it was offering BRCA1 and 2 testing. Simply put, Plaintiffs with their superior hundreds of millions in dollars in resources required at least four weeks to draft and file a motion for preliminary injunction, but seek to conversely limit Defendant to two weeks. The unbalanced nature of Plaintiffs' request is apparent from their own conduct that confirms the correctness of the Court's modest three week extension.

Motions for reconsideration are left to the sound discretion of the court, but such motions should only be granted if the moving party can present new facts, intervening changes in law or clear errors of law that compel a change in the court's prior ruling. *See, e.g.*, *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009-12 (10th Cir. 2000). Plaintiffs have not presented any new facts, intervening changes in law or clear errors of law that would compel a change in the Court's prior.

Based on the foregoing, Plaintiffs' pending motion for reconsideration should be denied.


Respectfully Submitted,

DATED this 22nd day of July, 2013.

    /s/ Edgar R. Cataxinos
Edgar R. Cataxinos
Joseph A. Walkowski
H. Dickson Burton
TRASKBRITT, PC
230 South 500 East, Suite 300
Salt Lake City, Utah 84110
Attorneys for Defendant

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of July, 2013, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court and delivered by CM/ECF and by the method(s) indicated below to the following:

**David G. Mangum**
Email: dmangum@parsonsbehle.com
**C. Kevin Spears**
Email: ecf@parsonsbehle.com
**Kristine E. Johnson**                  __X__  ECF Delivery
Email: ecf@parsonsbehle.com              _____  United States Mail
**Michael R. McCarthy**                  _____  Federal Express
Email: ecf@parsonsbehle.com              __X__  Email
**PARSONS BEHLE & LATIMER**
201 S MAIN ST STE 1800
PO BOX 45898
SALT LAKE CITY, UT 84145-0898
Tele: (801) 532-1234


   /s/ Edgar R. Cataxinos