MCDERMOTT WILL & EMERY LLP
William G. Gaede, III (*pro hac vice*)
Eric W. Hagen (*pro hac vice*)
ehagen@mwe.com
275 Middlefield Road, Suite 100
Menlo Park, CA 94025
Tel: (650) 815-7400
AmbryMyriad@mwe.com

*Attorneys for Defendants*

TRASKBRITT, P.C.
Edgar R. Cataxinos (7162)
Joseph A. Walkowski (5366)
H. Dickson Burton (4004)
P.O. Box 2550
230 South 500 East, Suite 300
Salt Lake City, Utah 84110
Tel: (801) 532-1922
ERCataxinos@traskbritt.com

*Attorneys for Defendant Ambry Genetics Corp.*

HATCH, JAMES & DODGE, P.C.
Brent O. Hatch (5715)
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
bhatch@hjdlaw.com

*Attorneys for Defendant Gene By Gene Ltd.*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNIVERSITY OF UTAH RESEARCH FOUNDATION *et al.*,<br><br>   Plaintiffs,<br>vs.<br>AMBRY GENETICS CORPORATION,<br>   Defendant. | **DEFENDANTS' OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION**<br><br>CASE NO. 2:13-CV-00640-RJS<br>CASE NO. 2:13-CV-00643-RJS<br><br>Honorable Robert J. Shelby |
| UNIVERSITY OF UTAH RESEARCH FOUNDATION *et al.*,<br><br>   Plaintiffs,<br>vs.<br>GENE BY GENE LTD.,<br>   Defendant. | |

Pursuant to Utah Civil Local Rule 7-1(b)(1)(B), Defendants Ambry Genetics Corporation and Gene by Gene Ltd. (collectively, "Defendants") hereby submit their Objections to Evidence Offered in Support of Plaintiffs' Reply.  Defendants object to the following:  (1) the Declaration of Dr. Donna Shattuck (Doc. 103-3), dated December 21, 2009 and submitted in *Association for Molecular Pathology v. USPTO*, No. 09 Civ. 4515 (S.D.N.Y.) ("*AMP*") (the "*AMP* Shattuck Declaration"), which is attached as Exhibit C to the Declaration of Mark Allan Kay, M.D., Ph.D. (Doc. 103) (the "Kay Declaration"); (2) the Declaration of Dr. Mark Skolnick (Doc. 103-4), dated December 21, 2009 and submitted in the *AMP* litigation (the "*AMP* Skolnick Declaration"), which is attached as Exhibit D to the Kay Declaration; (3) portions of the Declaration of Mark Allan Kay, M.D., Ph.D. (Doc 103) (the "Kay Declaration"), (4) Exhibits A Through O (Docs. 114-1 to 114-12), which are attached to the Declaration of David G. Mangum (Doc. 114) ("Mangum Declaration") and (5) the Declaration of Brad Swedlund (Doc. 105) (the "Swedlund Declaration").

## I. THE 2009 *AMP* DECLARATION OF DR. DONNA SHATTUCK (DOC. 103-3)

The *AMP* Shattuck Declaration is inadmissible hearsay under Rule 801(c) of the Federal Rules of Evidence.  This declaration, dated December 21, 2009, was submitted in the *AMP* litigation.  This declaration is hearsay because the declarant, Dr. Donna Shattuck, a Myriad employee until July 2009, (1) is not offering testimony at the current hearing and (2) Plaintiffs offer her *AMP* declaration to prove the truth of the matter asserted therein, relying directly on her declaration to support the truth of the propositions at pages 86-88 and 94 of Plaintiffs' Reply. *See* Fed. R. Evid. 801(c)(1) & (2).  The *AMP* Shattuck Declaration was written in 2009 regarding

the search for the *BRCA1* gene in the mid-1990s. There is nothing in this declaration that would qualify as an exception to the rule against hearsay. Thus, the *AMP* Shattuck Declaration is inadmissible hearsay. In addition, it would be unfairly prejudicial to Defendants to permit the admission of the *AMP* Shattuck Declaration where Defendants have no opportunity to cross examine Dr. Shattuck. *See* Fed. R. Evid. 403.

## II. THE 2009 *AMP* DECLARATION OF DR. MARK SKOLNICK (DOC. 103-4)

The *AMP* Skolnick Declaration is inadmissible hearsay under Rule 801(c) of the Federal Rules of Evidence. This declaration, dated December 21, 2009, was also submitted in the *AMP* litigation. This declaration is hearsay because the declarant, Dr. Skolnick, a Myriad founder and Myriad's Chief Scientific Officer at the time the declaration was written, (1) is not offering testimony at the current hearing and (2) Plaintiffs offer his *AMP* declaration to prove the truth of the matter asserted therein, relying directly on his declaration to support the truth of the propositions at page 86 of Plaintiffs' Reply. *See* Fed. R. Evid. 801(c)(1) & (2). The *AMP* Skolnick Declaration was written in 2009 regarding events that occurred many years if not decades earlier. There is nothing in this declaration that would qualify as an exception to the rule against hearsay. Thus, the *AMP* Skolnick Declaration is inadmissible hearsay. In addition, it would be unfairly prejudicial to Defendants to permit the admission of the *AMP* Skolnick Declaration where Defendants have no opportunity to cross examine Dr. Skolnick. *See* Fed. R. Evid. 403.

**III.     PORTIONS OF THE DECLARATION OF MARK ALLAN KAY, M.D., PH.D.**

Those portions of Paragraphs 39, 41, 43-48 and 51 of the Kay Declaration that cite to the Shattuck and Skolnik declarations are inadmissible hearsay because they are merely transmissions of the hearsay in the Shattuck and Skolnik Declarations. The fact that Dr. Kay offers his testimony as an expert allows him to consider hearsay if experts in the field reasonably rely on such evidence in forming opinions, but it does not allow him to simply transmit hearsay evidence. *U.S. v. Meija*, 545 F.3d 179, 197 (2d Cir. 2008) ("The expert may not, however, simply transmit that hearsay . . . .").

**IV.     EXHIBITS A - O TO THE DECLARATION OF DAVID G. MANGUM (DOCS. 114-1 - 114-12)**

Defendants object on hearsay grounds to Exhibits A through O attached to the Mangum Declaration. These exhibits are newspaper clippings, articles, an excerpt from a book, two amicus briefs in the *AMP* litigation in support of Myriad, and a Myriad publicity document. Each of these exhibits contains out of court statements that Plaintiffs have offered for the truths of the matters asserted therein throughout their Reply brief. *See* Fed. R. Evid. 801(c). No exception applies to admit these hearsay statements.

**V.     DECLARATION OF BRAD SWEDLUND (DOC. 105)**

The Swedlund declaration is inadmissible under Rules 602 of the Federal Rules of Evidence. Under Rule 602, Mr. Swedlund lacks personal knowledge regarding the document purportedly belonging to Dr. Sean Tavtigian ("Document"), Exhibit A to the Swedlund Declaration, which is the subject of Mr. Swedlund's declaration. Mr. Swedlund has no personal knowledge regarding the Document, his only connection to it being that he "recently located this

document at Myriad in the files of Dr. Sean Tavtigian." (Swedlund Decl. ¶ 4.) The date shown on the document is July 25, 1995, and Mr. Swedlund became an employee of Myriad **after** that date (Swedlund Decl. ¶ 2). Thus, his testimony regarding what, in his opinion, the Document is and discloses, including his interpretation of the Document attached as Exhibit B to his declaration, should be excluded for lack of foundation.

Additionally, the Document itself is not admissible because it is not authenticated under Rule 901 of the Federal Rules of Evidence. Plaintiffs seek to introduce the Document as evidence of conception prior to the Schutte article (Reply at 70). Rule 901, however, requires "evidence sufficient to support a finding that the item is what the proponent claims it is." Mr. Swedlund has no personal knowledge regarding the Document and cannot authenticate it on that ground. The fact that he "recently found" it in Dr. Tavtigian's files does not establish the authenticity of the contents nor the date of the Document. It is not even clear that the Document even belongs to Dr. Tavtigian. (Swedlund Decl., Ex. A (there are no markings on this document indicating that it belongs to Dr. Tavtigian)). Thus, the Document should be excluded. Lastly, it would be unfairly prejudicial to Defendants to permit the admission of the Swedlund Declaration and the Document because foundation and reliability are prerequisites to relevance. *See* Fed. R. Evid. 402, 403.

|  |  |
|---|---|
| DATED: September 6, 2013 | Respectfully Submitted,<br><br>McDERMOTT WILL & EMERY LLP<br><br>By: */s/ William G. Gaede, III*<br>William G. Gaede, III<br><br>*Attorneys for Defendants Ambry Genetics Corporation and Gene by Gene Ltd.* |

# CERTIFICATE OF SERVICE

On September 6, 2013, I served a copy of the foregoing, by electronic case filing (ECF), by e-filing the above-referenced document(s) utilizing the United States District Court, District of Utah's mandated Electronic Case Filing service, which service automatically e-served a copy of the document(s) upon confirmation of e-filing to all counsel in this case registered to receive e-filing notice, and additionally by electronic transmission by attaching the referenced documents or link to the referenced documents to an electronic mail and transmitting the same to the e-mail addresses indicated below as follows:

| | |
|---|---|
| **David G. Mangum** | |
| **C. Kevin Spears** | __X__ ECF Delivery |
| **Kristine E. Johnson** | _____ United States Mail |
| **Michael R. McCarthy** | _____ Federal Express |
| **PARSONS BEHLE & LATIMER** | __X__ Email |
| 201 S MAIN ST STE 1800 | |
| PO BOX 45898 | |
| SALT LAKE CITY, UT 84145-0898 | |
| Tele: (801) 532-123 | |
| Email: dmangum@parsonsbehle.com | |
| ecf@parsonsbehle.com | |

| | |
|---|---|
| **Geoff D. Biegler** | |
| **Jonathan E. Singer** | __X__ ECF Delivery |
| FISH & RICHARDSON (SAN DIEGO) | _____ United States Mail |
| 12390 EL CAMINO REAL | _____ Federal Express |
| SAN DIEGO, CA 92130 | __X__ Email |
| (858)678-5070 | |
| Email: biegler@fr.com | |
| singer@fr.com | |

                                          /s/ *William G. Gaede, III*
                                                William G. Gaede, III

*Attorney for Defendants*