DAVID G. MANGUM  (4085)
C. KEVIN SPEIRS (5350)
KRISTINE EDDE JOHNSON (7190)
MICHAEL R. MCCARTHY (8850)
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main Street, Suite 1800
Salt Lake City, UT  841111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
ecf@parsonsbehle.com

BENJAMIN G. JACKSON (*pro hac vice*)
MATHEW GORDON (12526)
MYRIAD GENETICS, INC.
320 Wakara Way
Salt Lake City, UT 84108
bjackson@myriad.com
mgordon@myriad.com
*Attorneys for Plaintiffs*

OF COUNSEL:

FISH & RICHARDSON P.C.
Jonathan E. Singer (*pro hac vice*)
60 South 6th Street, Suite 3200
Minneapolis, MN  55402
singer@fr.com

Elizabeth M. Flanagan (*pro hac vice*)
222 Delaware Avenue, 17th Floor
Wilmington, DE  19801
eflanagan@fr.com

Geoff D. Biegler (*pro hac vice*)
12390 El Camino Real
San Diego, CA  92130
biegler@fr.com

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNIVERSITY OF UTAH RESEARCH FOUNDATION, et. al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>AMBRY GENETICS CORPORATION,<br><br>    Defendant. | **PLAINTIFFS' MOTION FOR TRANSFER OF RELATED CASE**<br><br><br>Case No.  2:13-cv-00640-RJS<br><br>Judge  Robert J. Shelby |
| UNIVERSITY OF UTAH RESEARCH FOUNDATION, et. al.,<br><br>    Plaintiffs,<br><br> vs.<br><br> GENE BY GENE, LTD., | |

1

4832-6138-4982

|              |   |
|--------------|---|
| Defendant.   |   |

Pursuant to Local Rule DUCivR 83-2(g), Plaintiffs University of Utah Research Foundation, the Trustees of the University of Pennsylvania, HSC Research and Development Limited Partnership, Endorecherche, Inc., and Myriad Genetics, Inc. (collectively, "Myriad") hereby submit this Motion for Transfer of Related Case.  Myriad also has filed a Notice of Motion in the higher-numbered related case, titled University of Utah Research Foundation, *et. al*. v. GeneDX, Inc., Case No. 2:13-CV-00954TS ("GeneDX matter").

## INTRODUCTION

The Complaint in the GeneDX matter was filed on October 16, 2013, and randomly assigned to Chief Judge Ted Stewart. Dkt. #2.  As set forth below, the matter should be transferred to this Court because it entails issues of patent infringement and likely claims of patent invalidity that substantially overlap those at issue in the above-captioned matter ("Ambry/Gene by Gene matter").  For this reason, and because the elements of DUCivR 83-2(g) are met here, the interests of judicial economy and efficiency would be best served by transfer of the GeneDX matter to this Court.

## DISCUSSION

I. **A Transfer Is Warranted To Promote the Interest of Judicial Efficiency, and Because the Elements of DUCivR83-2(g) Are Met.**

Pursuant to DUCiv83-2(g), when two or more cases are pending before different judges of this Court, a party to the later-filed case may request transfer to the judge assigned to the lower-numbered case. The Rule sets forth seven factors which may be considered.  Transfer is appropriate here because each relevant factor is met.

2

4832-6138-4982

### A. The Ambry/Gene by Gene Matter and the GeneDX Matter Involve Identical Plaintiffs and Similar Patents.

DUCiv83-2(g) allows consideration of whether the cases involve "substantially the same parties or property" and "the same patent, trademark, or copyright." DUCiv83-2(g)(ii), (iii).[1] Here, the plaintiffs are identical in both suits. While the defendants are different, the plaintiffs allege that all three defendants (Ambry, Gene by Gene, and GeneDX) are engaged in similar infringing conduct. And, the GeneDX matter alleges infringement of all but one of the patent claims asserted against Ambry. In general, those patents pertain to methods of use and synthetic compositions of matter pertaining to the BRCA1 and BRCA2 genes. The commonality of the plaintiffs and patents at issue alone warrant transfer of the GeneDX matter.

### B. The Ambry/Gene by Gene Matter and the GeneDX Matter Call for Determination of the Same or Substantially Related Questions of Law and Fact.

DUCiv83-2(g) provides for consideration of whether "the cases call for a determination of the same or substantially related questions of law and fact." DUCiv83-2(g)(iv). Here, there are overlapping patents and very similar questions of patent infringement as those at issue in the Ambry/Gene by Gene matter. Myriad also expects that there will be common questions of claim construction and potentially invalidity arguments related to the overlapping patents. Indeed, while the Ambry/Gene by Gene matter initially was filed as two separate lawsuits, and subsequently consolidated, the Complaints, Answers and Counterclaims, and briefing on Myriad's Motion for Preliminary Injunction are virtually identical, with the exception of certain

---

[1] While factor (i), whether the cases "arise from the same or a closely related transaction or event" is not directly applicable to these claims of patent infringement, because of the similar claims of patent infringement the alleged conduct is the same in nature.

3

technical distinctions between Ambry and Gene by Gene's test offerings, and the fact that certain patent claims pled against Ambry were not pled against Gene by Gene. The GeneDX matter presents a similar scenario.

### C. Allowing the Matters to Be Heard by Different Judges Would Entail Duplication of Labor and Unnecessary Cost, and May Result in Inconsistent Outcomes.

Under DUCiv83-2(g), the Court may consider whether "the cases would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges" and the "risk of inconsistent verdicts or outcomes." DUCiv83-2(g)(v), (vi). Here, the interests of judicial economy and the conservation of resources (which are fundamental to the very purpose of the rule) will best be served by transfer. First, as discussed above, both matters involve overlapping patents and similar questions of patent infringement, and likely will involve similar arguments of patent invalidity. It would be unnecessary and inherently inefficient for two different judges in the same district to familiarize themselves with these patents and claims at the same time. This is particularly true here, where this Court already has undergone substantial effort with respect to most of these patents in conjunction with Myriad's Motion for Preliminary Injunction in the Ambry/Gene by Gene matter.

Second, because of the similar issues of patent infringement, claim construction, and questions of patent invalidity, there is a definite risk of inconsistent rulings or judgments if two different judges are making similar determinations. The interest of the Court and the parties in uniformity of decisions favors transfer.

4

### D. This Motion Is Brought for a Proper Purpose.

Finally, DUCiv83-2(g)(vii) provides that the Court may consider whether "the motion has been brought for an improper purpose" in determining whether transfer is appropriate. As detailed above, the factors set forth in the Rule weigh heavily in favor of transfer, and Myriad appropriately seeks to promote judicial efficiency, eliminate unnecessary costs, and eliminate the risk of inconsistent rulings.

For the foregoing reasons, Myriad's motion to transfer the higher-numbered GeneDX matter to this Court should be granted.

Dated: October 22, 2013.

Respectfully submitted,

/s/ David G. Mangum
David G. Mangum
C. Kevin Speirs
Kristine Edde Johnson
Michael R. McCarthy
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main St., Suite 1800
Salt Lake City, UT 84111-0898
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
ecf@parsonsbehle.com

Benjamin G. Jackson (admitted *pro hac vice*)
Matthew Gordon (12526)
MYRIAD GENETICS, INC.
320 Wakara Way
Salt Lake City, UT 84108
Telephone: (801) 584-3600
Facsimile: (801) 584-3640
bjackson@myriad.com
mgordon@myriad.com

Jonathan E. Singer (admitted *pro hac vice*)
Fish & Richardson, P.C.
60 South 6th Street, Suite 3200
Minneapolis, MN 55402
singer@fr.com

Elizabeth M. Flanagan (admitted *pro hac vice*)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
eflanagan@fr.com

Geoff D. Biegler (admitted *pro hac vice*)
12390 El Camino Real
San Diego, CA 92130
Biegler@fr.com

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

On this 22nd day of October 2013, I certify that I electronically filed the foregoing **PLAINTIFFS' MOTION FOR TRANSFER OF RELATED CASE** with the Clerk of Court using the CM/ECF system that will send an electronic notification to counsel of record herein.

/s/ David G. Mangum

4832-6138-4982